## WARRANTY OF MACHINERY.

Common Pleas Court of Hamilton County.

THE WESTON ELECTRIC LIGHT & POWER COMPANY v. THE JOHN A. STEWART ELECTRIC COMPANY.

Decided, December, 1910.

*Warranty—Failure of, as a Defense—Buyer and Seller Deal at Arms Length—Seller's Praise—Failure of Buyer to Examine Property— Examination by Third Party Long Subsequent Not Competent to Show Failure of Warranty.*

Where machinery, sold under warranties and to be delivered on cars at place of sale, is three months later ordered forwarded to a third party, a customer of the purchaser, who upon examination finds

that it is in bad condition and refuses to pay for it, the testimony of this third party as to the condition in which the machinery reached him is incompetent in an action by the original seller against the first purchaser for the agreed price, where there has been a failure to show what care the machinery had during the three months interval.

*E. R. Donahue,* for plaintiff.
*Mitchell Wilby,* contra.

DICKSON, J.

On motion for a new trial.

Plaintiff sued to recover money on a contract for the sale of certain second hand machinery. The contract contained warranties. There was no dispute that this machinery was in Virginia, owned by the plaintiff there, and was sold to the defendant, a Cincinnati concern, to be delivered to it on the cars in Virginia; that the machinery was there accepted under the contract, and ordered to be shipped to Illinois, to a certain consignee, a purchaser from the defendant. The machinery in question was part of an entire plant sold by the defendant to the purchaser in Illinois. Under the contract the machinery was shipped with bill of lading attached. By some unshown means the machinery was delivered without payment therefor. At various times defendant promised but delayed payment. After some three months the purchaser in Illinois complained and refused payment to the Cincinnati people, and they in turn by reason thereof refused payment to the Virginia people, claiming that the goods did not meet the warranties in the contract. This latter refusal caused this action, in which the necessarily resulting issues were raised and trial had before a jury in this court, ending in a verdict for the amount claimed.

Now motion is made to set aside this verdict and for a new trial. The only grounds urged in this motion are; that the court erred in rejecting certain testimony, and that the verdict is against and contrary to the weight of the evidence.

As to the rejection of certain testimony, the purchaser in Illinois was not permitted by the court to testify as to the condition of the machinery when received in Illinois, for the reason that

there was no evidence that this purchaser knew anything about machinery and the defendant failed to show what had been done with the machinery during the three months after delivery to it in Virginia and before receipt by the Illinois concern. There is no claim that the defects alleged to have been discovered in Illinois were latent; on the contrary the defendant's own testimony was that as soon as the machinery was examined by it in Illinois and set up for operation, such defects were readily discovered by it—defects easily seen at a glance by any one skilled in the knowledge of machinery—as would have defeated the sale under the warranties had an examination been made in Virginia. In such contracts for the sale of such machinery both the seller and the purchaser must beware—the seller to keep his covenants and the purchaser to see that the same have been kept. Each has a duty, a violation of which is a fault—a breach of which incurs a liability to loss. It was the duty of the seller to keep his contract at the time and place of delivery. It was the duty of the buyer to see that the goods came up to the contract at that same time and place. One ought not to excuse his own fault by blaming another. Where one bought goods and the delivery to him is completed and he could if he would have examined them and did not, and has been induced thereto by no fraud of the seller, he, if the goods be otherwise than as he intended, is guilty of a fault—neglect—and can not complain.

In the goods in question there was no latent defect—there was no hindrance to an examination. The defendant had his eyes wide open. A seller has a right to have a good opinion of his goods, and say so—to exaggerate but not lie. A buyer has a right to have a poor opinion of his purchase and say so—to exaggerate but not lie. Where no confidential relation exists, a buyer and a seller deal at arms length. If in thus dealing, persons will not protect themselves by a proper contract and properly conduct themselves thereunder, and disputes arise therefrom, and recourse be had to ascertain in a court the truth, such ones can not complain of the result of a trial had according to rules—technicalities of the law. Courts do not make contracts.

Their duty is interpretation.   The conduct of persons is judged by their acts.   If persons do not make proper contracts and if persons do not conduct themselves properly thereunder, all they can ask is a fair trial—square deal.

There is evidence tending to support and deny the issues in this case.   The rule is that the value of such evidence, its credibility, its being worthy of belief, its weight—all under proper instructions from the court—are vested in a jury.   There is no complaint here of the instructions of the court.   A jury is not required to believe—to be convinced—only to find the best it can according to the light it has from the facts presented to it, under the guidance of the court.   The science of the law is not exact.   Like the science of medicine it deals with the frailties of human nature.   Each of these sciences has its diagnosis and its remedies.   The remedies of the law are its technique– rules for ascertaining the truth—rules established by the acts of the people through their law-making bodies, and by the long lines of decisions of courts of last resort devoted to the rights of man. One of the legal remedies and this remedy provided by the will of the people, is the verdict of a jury, not perfect, but not to be done away with—not to be disturbed unless clearly wrong and manifestly not according to the truth.

The court see no reason to disturb this verdict and the motion, therefore, will be overruled.